1

2

3

4

5

6

7

8

9

10          IN THE UNITED STATES DISTRICT COURT

11      FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  DAVID WELLS,                          No. C 05-02073 CW

14          Plaintiff,                    ORDER GRANTING
                                          PLAINTIFF'S
15      v.                                REQUEST TO FILE
                                          OBJECTIONS TO
16  THE BOARD OF TRUSTEES OF THE          DEFENDANTS'
    CALIFORNIA STATE UNIVERSITY, et al.,  EVIDENCE AND
17                                        DENYING
            Defendants.                   PLAINTIFF's
18                                        REQUEST TO FILE
                                          RESPONSE TO
19  _____/     DEFENDANTS'
                                          OBJECTIONS TO
20                                        PLAINTIFF'S
                                          EVIDENCE
21

22      On July 28, 2006, Plaintiff David Wells filed a letter

23  requesting leave of the Court to file his Response to Defendants'

24  Objections to Plaintiff's Evidence in Support of His Opposition to

25  Defendants' Motion for Summary Judgment (Docket No. 66).  On

26  August 1, 2006, Defendants objected to Plaintiff's request.  That

27  same day, before the Court responded to Plaintiff's request for

28

United States District Court
For the Northern District of California

leave to file a response, Plaintiff filed his Response to

Defendants' Objections (Docket No. 69).  In addition, he filed a

request for leave to file Objections to Defendants' Evidence in

Support of their Motion for Summary Judgment and their Reply

(Docket No. 68), along with the objections.  Plaintiff does not

explain why he did not object to the evidence contained in

Defendants' motion for summary judgment at the time he filed his

opposition.  Instead, he cites William W Schwarzer, et al., Federal

Civil Procedure Before Trial §§ 14:109-110 ("Objections to the

moving party's evidence can be made either at the hearing or

beforehand.  The opposing party may file written objections or a

motion to strike the evidence as part of its opposition

papers. . . . While objections can be made for the first time at

the hearing, it is better practice to make your objections in

writing beforehand (preferably with the opposition or reply

papers").[1]

Local Rule 7-3(d) states, in part, that "once a reply is filed

no additional, memoranda, papers or letters may be filed without

prior court approval."  Plaintiff, filing his Response to

Defendants' Objections prior to receiving Court approval, is in

direct violation of Local Rule 7-3(d).  The Court will not consider

his response and leave to file the response is DENIED. But the

Court will GRANT Plaintiff's request for leave to file his

objections to the evidence cited in Defendants' motion for summary

_____

[1]In addition, Plaintiff states that he submitted a letter
brief asking the court for leave to file the objections.  He did
not.  His letter requested leave only to file a Response to
Defendant's Objections.

United States District Court

For the Northern District of California

judgment and reply; his objections to the evidence cited in
Defendants' motion for summary judgment, however, should have been
filed at the time that Plaintiff filed his opposition.

    IT IS SO ORDERED.


Dated: 8/2/06

                                    CLAUDIA WILKEN
                                    United States District Judge

3