United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WELLS, | No. C 05-2073 CW |
|     Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |
|   v. | |
| BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al., | |
|     Defendants. | |

    Plaintiff David Wells requests leave to file a motion for reconsideration of a portion of the Court's September 7, 2006 Order Granting Defendants' Motion for Summary Judgment in Part and Denying It in Part.  Specifically, he asks the Court to reconsider its conclusion on page 15 of its order: "Plaintiff acknowledges that he raised his Title IX concerns from 1999 to early 2002.  Therefore, any adverse action in 2004 is too attenuated.  He did not bring this suit until May 20, 2005."

    Civil Local Rule 7-9(a) states as follows: "No party may notice a motion for reconsideration without first obtaining leave

of Court to file the motion."  A motion for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

Plaintiff states that he brings his motion under Civil Local Rule 7-9(b)(3).  But he fails to show that the Court manifestly failed to consider material facts or dispositive legal arguments.

Having considered Plaintiff's papers, the Court finds that good cause does not exist to grant Plaintiff leave to seek reconsideration of a

portion of the Court's order.  Therefore, Plaintiff's Motion for Leave (Docket No. 74) is DENIED.

IT IS SO ORDERED.

Dated: 9/27/06

                    CLAUDIA WILKEN
                    United States District Judge